UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN A. WILLIAMS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>ANDREW BARROCAS; MALGORZATA WARCHOL; MNS REAL ESTATE; BARON PROPERTY GROUP; MARCELLO PORCELLI; LARGAVISTA COMPANIES; MATTHEW BARON,<br><br>                    Defendants. | 26-CV-3204 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Fair Housing Act ("FHA") and Title III of the Americans with Disabilities Act ("ADA"), alleging that Defendants are failing to accommodate his disability in his attempts to secure housing. Plaintiff may also intend to assert claims under the New York State and New York City Human Rights Laws. He names as Defendants: (1) Andrew Barrocas, the Founder and CEO of MNS Real Estate; (2) Malgorzata Warchol, Real Estate Salesperson and Leasing Agent at MNS Real Estate; (3) MNS Real Estate; (4) Baron Property Group; (5) Marcello Porcelli, CEO of LargaVista Companies; (6) LargaVista Companies; and (7) Matthew Baron, Founder and President of Baron Property Group. Plaintiff seeks monetary and injunctive relief. On April 20, 2026, Plaintiff filed an application for a temporary restraining order and preliminary injunction. (ECF No. 5.)

By order dated April 22, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead, and denies his motion for preliminary relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff alleges that he is "a person with a disability as defined by 42 U.S.C. § 3602(h)." (ECF No. 1, at 7.) Although he does not state what his disability is or describe how it affects his activities of daily life, attachments to the complaint suggest that Plaintiff has a serious immune disorder. (*Id*. at 18.)

Plaintiff alleges that he requested, from unidentified persons or entities, a "Reasonable Accommodation in the form of a modified lease/LOI [letter of intent] to satisfy HPD/HASA requirements." (*Id.*) Although the complaint does not describe the nature of his requested accommodation, attachments to the complaint suggest that he requested an accommodation in the form of a lease, or a letter of intent to lease, in which utilities were included with the cost of rent. (*Id.*)

On April 16, 2026, "Defendants"—Plaintiff does not state which of them—issued a summary denial of the request. (*Id*. at 8.) Plaintiff seeks: (1) monetary relief, (2) a temporary restraining order "enjoining Defendants from leasing, advertising, or marketing [the subject dwelling] to any other party" and a "mandatory injunction compelling Defendants to provide the requested Landlord Letter of Intent." (*Id.*)

**DISCUSSION**

**A.    The FHA**

The FHA, 42 U.S.C. § 3601-3619, "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin," or disability. 42 U.S.C.§ 3604(b), (f). To state a claim under the FHA, a plaintiff must plausibly allege that: (1) he was a member of a class protected by the FHA, and (2) he suffered an adverse housing action because of his membership in that protected class. *See Mazzocchi v. Windsor Owners Corp.*, No. 11-CV-7913 (LBS), 2012 WL 3288240, at *7 (S.D.N.Y. Aug. 6, 2012).

Under the FHA, prohibited discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

As an initial matter, Plaintiff's complaint fails to comply with Rule 8. Plaintiff sets forth few allegations in his complaint. Instead, he relies on labels and conclusions, which do not provide notice of what each Defendant allegedly did to Plaintiff or failed to do that violated federal law. For instance, he concludes that his request for an accommodation is reasonable, but nowhere in the body of the complaint does he state what accommodation he requested. He also does not suggest any nexus, or connection, between his requested accommodation and his disability. Instead of providing factual allegations in his complaint, he attaches a series of communications with unidentified persons without explaining their significance. Rule 8 is not an onerous pleading standard but, at a minimum, it requires more than a mere conclusion that defendants violated a plaintiff's rights. *See Iqbal*, 556 U.S. at 678. Instead, a complaint must contain factual allegations from which the Court can infer that Defendants acted unlawfully. Because Plaintiff does not provide well-pleaded allegations, his complaint fails to state a claim and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4

Moreover, the complaint fails to show that Plaintiff's requested accommodation, which he does not describe, is "necessary to afford [him] equal opportunity to use and enjoy" the subject dwelling. 42 U.S.C. § 3604(f)(3)(B). Attachments to the complaint suggest, but by no means confirm, that Plaintiff requested an accommodation in the form of a lease, or a letter of intent to rent, in which the cost of utilities would be included with his rent. Nothing in the complaint indicates how inclusion of utlilities in the cost of rent is "necessary" for Plaintiff to make use of the subject dwelling. *See Magee v. Bos. Land Co. Mgmt. Servs.*, 90 F. App'x 560, 561 (2d Cir. 2004) (affirming dismissal of an FHA plaintiff's "requests for a key to the back door of his building and for a parking space in the lot behind the building" due to an absence of evidence that it was *necessary* for the plaintiff to use and enjoy the premises). The FHA "addresses the accommodation of handicaps, not the alleviation of economic disadvantages that may be correlated with having handicaps." *Salute v. Stratford Greens Garden Apartments,* 136 F.3d 293, 301 (2d Cir. 1998). For that reason, Plaintiff fails to allege facts from which it could be inferred that his requested accommodation was "necessary" for him to use and enjoy the subject dwelling, and his FHA claim must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Title III of the ADA**

Plaintiff also asserts a claim under Title III of the ADA. Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The phrase 'public accommodation' . . . 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-77 (2001) (footnotes omitted).

5

Even when liberally construing the phrase "public accommodation," courts have recognized that private landlords and real estate management companies, even those that receive federal funding, are generally not subject to the ADA because their premises are are not places of public accommodation. *See Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, 2014 WL 2993448, at *5 (E.D.N.Y. July 2, 2014) ("[T]he ADA does not apply to private landlords, even if the premises are used for public subsidized housing."); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 264 n.5 (E.D.N.Y. 2014) (finding that "receipt of Section 8 housing vouchers is an insufficient basis upon which to deem the premises—a private, residential apartment complex—a place of public accommodation"). For that reason, Plaintiff fails to state a claim under Title III of the ADA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Motion for emergency relief**

Plaintiff has filed a motion for a temporary restraining order and preliminary injunction requesting preliminary injunctive relief. In the motion, he requests an order "enjoining Defendants from leasing, marketing, or transferring any interest in the [subject dwelling] and compelling Defendants to comply with the Reasonable Accommodation requirements of the Fair Housing Act." (ECF No. 5, at 1.)

To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden

of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)

(internal quotation marks and citation omitted).

Plaintiff's submissions do not show: (1) a likelihood of success on the merits, or

(2) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in his favor. As set forth above, the complaint does not

state a claim for relief under federal law, and it is not clear how the requested accommodation

could be "necessary" for him to use and enjoy the subject dwelling. In light of that conclusion,

the Court also concludes that Plaintiff neither has a likelihood of success on the merits nor that

there is a sufficiently serious question going to the merits of this case. Accordingly, Plaintiff's

request for preliminary relief (ECF No. 5) is denied.

**D.      Supplemental jurisdiction declined**

The complaint suggests that Plaintiff intends to assert claims under state law, namely, the

New York State and New York City Human Rights Laws. A district court may decline to

exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law

claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the

federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original

jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims

Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d

Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'"

(quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.        Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state valid claims under the FHA, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims under that statute. If Plaintiff amends his complaint, he must set forth a short and plain statement of the basis of his claim, explain what each Defendant did or failed to do to him, describe the nature of his disability and how it affects his activities of daily life, allege the precise nature of his requested accommodation, and show that the requested accommodation is "necessary" for Plaintiff to use and enjoy the subject dwelling.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for the reasons set forth in this order, with 30 days' leave to replead.

The Court denies Plaintiff's motion for a temporary restraining order and preliminary injunction. The Clerk of Court is directed to terminate the motion pending at ECF No. 5.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge