UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN A. WILLIAMS,

                    Plaintiff,

        -against-

ANDREW BARROCAS; MALGORZATA
WARCHOL; MNS REAL ESTATE; BARON
PROPERTY GROUP; MARCELLO
PORCELLI; LARGAVISTA COMPANIES;
MATTHEW BARON,

                    Defendants.

26-CV-3204 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On April 27, 2026, the Court dismissed the complaint for failure to state a claim and denied his motion for a temporary restraining order and preliminary injunction. (ECF No. 10.) On the same day, Plaintiff filed a document that he styles as a "Motion for Reconsideration of Temporary Restraining Order" challenging the denial of his motion for preliminary relief (ECF No. 11) and an amended complaint (ECF No. 12). The Court first addresses Plaintiff's motion; by separate order, the Court will address his amended complaint.

The Court liberally construes Plaintiff's motion as a motion for reconsideration under Local Civil Rule 6.3 and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him[.]"

(citations omitted)). After closely reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.      Motion for Reconsideration under Local Civil Rule 6.3**

A party who moves for reconsideration under Local Civil Rule 6.3 must show that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

Plaintiff fails to show that the Court overlooked any controlling decisions or factual matters with respect to his motion for preliminary relief. His motion under Local Civil Rule 6.3 is largely premised on facts and arguments that were not contained in either his original complaint or his motion for preliminary relief. (*See* ECF No. 11, at 1 (identifying new facts and arguments in his amended complaint as grounds for Rule 6.3 relief).) Because Plaintiff neglected to provide these facts and arguments in his initial motion, they are not grounds for relief under Local Civil Rule 6.3.

Plaintiff's motion under Local Civil Rule 6.3 is also premised on the alleged imminence of irreparable harm in the absence of preliminary relief. (*See id*. at 2.) The order denying preliminary relief, however, was not based on a finding that Plaintiff was not at risk of

irreparable harm; rather, it was based on the Court's conclusion that his submissions "d[id] not show: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in his favor." (ECF No. 10, at 7.)

The Court therefore denies Plaintiff's motion for relief under Local Rule Civil 6.3.

**B.      Motion for Relief under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the

3

residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 11) is denied. The Clerk of Court is directed to terminate that motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 1, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4