UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN A. WILLIAMS, | |
| Plaintiff, | |
| -against- | |
| ANDREW BARROCAS; MALGORZATA WARCHOL; MNS REAL ESTATE; BARON PROPERTY GROUP; MARCELLO PORCELLI; LARGAVISTA COMPANIES; MATTHEW BARON, | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/26

26-cv-3204 (MKV)

ORDER GRANTING LEAVE TO
AMEND AND ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action under the Fair Housing Act, alleging that Defendants are unlawfully denying him an accommodation for his disability in the form of a lease that includes the cost of utilities [ECF Nos. 1 (the "Original Complaint"), 12 (the "Amended Complaint")]. Plaintiff commenced this action by filing the Original Complaint together with a motion for a temporary restraining order and preliminary injunction [ECF Nos. 1, 5; *see also* ECF No. 9]. By Order dated April 22, 2026, Chief Judge Swain, to whom this action was originally assigned, granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees [ECF No. 8].

Thereafter, by Order dated April 27, 2026, Chief Judge dismissed the Original Complaint for failure to state a claim, with leave to replead, and denied Plaintiff's motion for a temporary restraining order and preliminary injunction [ECF No. 10 ("Order Denying Relief")]. The same day, Plaintiff filed the Amended Complaint [ECF No. 12]. Plaintiff also filed a motion for reconsideration of Chief Judge Swain's Order Denying Relief, which Chief Judge Swain later denied [ECF Nos. 11, 13].

This action was thereafter reassigned to my docket. Plaintiff has now filed a motion for leave to file a second amended complaint [ECF No. 17], a proposed second amended complaint [ECF No. 19], and five additional submissions (one of which is addressed to Chief Judge Swain, who is no longer presiding over this case) filled with unnecessary commentary and speculation [ECF Nos. 20, 21, 22, 23, 24]. Moreover, the Court is informed, Plaintiff has been repeatedly calling both the Pro Se Intake Unit and the chambers of another judge.

IT IS HEREBY ORDERED that Plaintiff's request for leave to file a second amended complaint [ECF No. 17] is GRANTED. The Court deems the filing at docket entry 19 the Second Amended Complaint, which is now Plaintiff's operative pleading.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the Defendants listed in the Second Amended Complaint. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

2

Plaintiff has not provided addresses at which the defendants named for the first time in the Second Amended Complaint may be served. As such, IT IS FURTHER ORDERED that Plaintiff shall submit such addresses to the Cout by June 15, 2026. Failure to comply may result in dismissal of this case as to those defendants.

If the Second Amended Complaint is not served within 90 days after the date the summonses are issued, Plaintiff must request an extension of time for service, or this case may be dismissed. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff is on notice that he must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**Plaintiff is also on notice that, pursuant to the Court's Individual Rules of Practice in Civil Cases, he may not call or otherwise directly contact this Court's Chambers. He may not contact the chambers of any other judge in connection with this case. He may not unduly burden the Pro Se Intake Unit with daily requests.** Plaintiff also should not address filings to Chief Judge Swain, who is no longer presiding over this case.

**Plaintiff is further on notice that "*pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prison*s, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted). Failure to comply with court orders, the Court's Individual Rules, the Federal Rules, and the Local Rules may result in sanctions, including dismissal.**

3

The Clerk of Court respectfully is requested to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court respectfully is requested to mail an information package to Plaintiff.

**SO ORDERED.**

**Date:  May 18, 2026**
        **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Andrew Barrocas
      Founder and CEO of MNS Real Estate
      40 North 6th Street
      Brooklyn, NY 11249

2.    Malgorzata Warchol
      Real Estate Salesperson and Leasing Agent
      MNS Real Estate
      4568 Broadway
      Washington Heights, NY 10040

3.    MNS Real Estate
      40 North 6th Street
      Brooklyn, NY 11249

4.    Baron Property Group
      152 West 57th Street, 37th Floor
      New York, NY 10019

5.    Matthew Baron
      Baron Property Group
      152 West 57th Street, 37th Floor
      New York, NY 10019

6.    Marcello Porcelli
      CEO of LargaVista Companies
      1140 Franklin Avenue, Suite 206
      Garden City, NY 11530

7.    LargaVista Companies
      1140 Franklin Avenue, Suite 206
      Garden City, NY 11530

As noted above, the Court lacks addresses for the defendants named for the first time in the Second Amended Complaint.